The Honorable Carol Billings City Attorney City of Pine Bluff 200 East 8th Avenue, Suite 203 Pine Bluff, Arkansas 71601
Dear Ms. Billings:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), and on behalf of the subject of the records, for an opinion on whether the custodian's decision to release an internal investigative file, as redacted, is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2007). As you note, the file documents an investigation of an incident between an officer of the Pine Bluff Police Department and a member of the public. You state that the officer did not appeal his suspension to the civil service commission.
RESPONSE
With the exception of the redactions, the custodian's decision as to the release of the records is consistent with the FOIA, in my opinion. The records are properly classified as "employee evaluation or job performance records" of the subject of the investigation; and they appear to meet the test for release of such records under the FOIA. With regard to what appear to be redactions of names from several of the records, I can find no exemption that would shield this information from public inspection and copying. I note specifically that the documents from which the names have been redacted do not appear to be evaluation or job performance records of the named individuals. Nor am I aware of any other possible basis for shielding the names. Even assuming that the redacted records might constitute personnel records of the individuals whose names are redacted, the redactions would only be justified if the disclosure would constitute a "clearly unwarranted *Page 2 
invasion of personal privacy" of the individuals. This determination is factual, but I will note that no such unwarranted invasion is apparent from the face of the records. Accordingly, it is my conclusion that such redactions are likely inconsistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
Given that the subject of the records is an officer of the Pine Bluff Police Department, I believe the records requested clearly qualify as "public records" under this definition. As one of my predecessors noted: "If records fit within the definition of `public records' . . . they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. Att'y Gen. 99-305 at 2.
The pertinent exemption in this instance appears to be A.C.A. §25-19-105(c)(1), which exempts "all employee evaluation or job performance records, including preliminary notes and other materials" unless there has been a "final administrative resolution" of any "suspension or termination proceeding" at which the records "form a basis" for the decision to suspend or terminate the employee and unless there is a "compelling public interest in disclosure." My predecessors and I have thus stated that "employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding; *Page 3 
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2007).
As my predecessors and I have also consistently opined, records in an internal investigation file that have been generated at the behest of an employer in the course of investigating a complaint against an employee constitute "employee evaluation/job performance records" within the meaning of the FOIA. See, e.g., Op. Att'y Gen. Nos. 2007-313; 2006-106; 2005-094. The releasability of such records must therefore be evaluated under the above three-part test.
It appears that each prong of the test has been met in this instance. You have stated that the officer elected not to appeal the suspension, indicating that the suspension decision is final. Additionally, the records plainly meet that portion of the test requiring that they "form a basis for the decision to suspend . . . the employee. . . ." Id.Accord Op. Att'y Gen. 2006-106 at 4 (noting that the great majority of the documents in question, which were part of an internal affairs file, appeared to form a basis for the suspension.) The remaining question, therefore, is whether there is a "compelling public interest in their disclosure."
In this regard, it has been stated that "[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004), at 205. These commentators on the FOIA further observed:
 The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by employees. [Citing Op. Att'y Gen. 2002-095.] As the Attorney General has noted, the public `has a compelling public interest in seeing that its employees not only follow the law, but also the regulations by which they are to conduct their business.' [Citing Op. Att'y Gen. 91-296, along with *Page 4 
several other opinions.] The standard is met, for example, when . . . a police officer uses excessive force. [Citing, inter alia, Op. Att'y Gen. 93-420, which found a compelling public interest amid termination of police officers for violation of department policy.]
Id. See also Op. Att'y Gen. Nos. 2006-106 at 4 (concluding that the circumstances gave rise to a "compelling public interest" where "[t[he documents reflect[ed] a violation of departmental rules by a `cop on the beat' in his interactions with the public.") and 97-400 at 2 (opining that "the nature of the problem that led to the suspension compels disclosure . . . where the activities detailed in the records violated administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise public safety.")
The records you have enclosed with your request reflect that the suspension occurred as a result of violation of rules aimed at the type of conduct addressed in the opinions noted above. It thus seems clear, in my opinion, that the "compelling public interest" standard is met with respect to the records in question. Because the other two conditions under § 25-19-105(c)(1) for release of the records have also been met, your decision to release the records is in my opinion consistent with the FOIA.
I note, however, that certain redactions have been made from a number of the records, the vast majority of which appear to be names of other department personnel. I have no information to explain these redactions, and based on the face of the records, I believe such redactions are likely inconsistent with the FOIA. It seems clear that all of the records were created as part of an investigation of alleged misconduct of the officer who was ultimately suspended. As explained above, the records are therefore correctly identified as "evaluation or job performance records" of that officer. I have no information suggesting that the internal investigation involved another officer, and I have no information regarding any disciplinary action concerning any other officer or employee. Consequently, the exemption pertaining to "evaluation or job performance records" would not appear to form a basis for redacting names from this investigative file. Compare Op. Att'y Gen. Nos. 2007-025 (noting that any employee evaluation or job performance records pertaining to employees other than the requesting employee must be excised prior to the release of the requestor's own records) and 2006-163 (noting that the internal investigation at *Page 5 
issue may have involved another officer, and that there were questions of fact concerning the applicability of the "employee evaluation or job performance records" "exemption as to such officer.)
As a final matter regarding these redactions, I should also note the possibility that the records containing the redacted names constitute "personnel records," within the meaning of the FOIA, of the named individuals. "Personnel records" must be released pursuant to the FOIA unless their release would constitute a "clearly unwarranted invasion of personal privacy" of the employee. A.C.A. § 25-19-105(b)(12) (Supp. 2007). See also generally Op. Att'y Gen. 98-001 (discussing the test applicable to "personnel records.") The custodian of the records must make this factual determination, but I will note that no such unwarranted invasion is apparent from the face of these records. Nor have I been provided with any facts that would warrant withholding the records from disclosure based upon the exemption pertaining to "personnel records." In the absence of any facts to suggest otherwise, I must conclude that the redactions are likely inconsistent with the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General